UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Milner, | Case No. 21-cv-2454 (SRN/HB) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| Olmstead County Adult Center, | |
| Defendant. | |

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Plaintiff Edward Milner's pro se civil complaint [ECF No. 1], and his accompanying application to proceed in forma pauperis [ECF No. 2]. Milner is detained at Olmsted County Adult Detention Center, so his complaint is now subject to review under the terms of 28 U.S.C. § 1915A. Section 1915A provides that any civil action brought by a prisoner against a governmental entity or employee must be screened as soon as practicable. 28 U.S.C. § 1915A(a). If a prisoner's complaint fails to state an actionable claim for relief, it must be summarily dismissed. 28 U.S.C. § 1915A(b). For reasons that follow, this Court recommends that Milner's complaint be dismissed for failure to state a claim.

I.  **Standard of Review**

To state an actionable claim for relief, a plaintiff must allege a specific set of facts, which, if proven true, would entitle him to some appropriate relief against the named defendants under some cognizable legal theory. In reviewing whether a complaint states a

1

claim on which relief may be granted, this Court must accept as true all of the well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level…." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Additionally, federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (quotation omitted).

## II.   Milner's complaint

Milner's complaint is six pages in length. He states that he brings his complaint to seek monetary compensation for violations of his Fourth, Fifth, Eighth, Ninth, Thirteenth,

Fourteenth, and Fifteenth Amendment rights. (Compl. at 1 [ECF No. 1].) He alleges that his claims arise from his detention at the Olmsted County Adult Detention Center ("ADC"), which began in July of 2021. (Compl. at 2.) Specifically, he argues that the violations began when he arrived at the jail and an officer was allowed to "try to access his cell phone." (*Id.*) He further alleges that the jail deputies have been acting with "major hubris" towards him, in such a manner that has constituted mental torture for the entirety of his detention. (Compl. at 2-4.) He claims that there is a connection to another case he filed before this Court, *Milner v. Rochester Minnesota Police Department, et al.*, 21-cv-1952 (DSD/HB) (D. Minn. 2021), although he does not explain the precise nature of the connection. (Compl. at 3.)

### III.   Analysis

Although Milner has referred to a number of legal theories that can be raised by a prisoner or pretrial detainee, his complaint has two major defects. First, Milner has failed to name a defendant that is properly subject to suit for the theories he identifies. County jails are typically not subject to suit under 42 U.S.C. § 1983, and the Olmstead County ADC is his only named defendant. *See e.g., De La Garza v. Kandiyohi County Jail, Correctional Inst.*, 18 Fed. App'x 436, 437 (8th Cir. 1996) (per curiam). The Olmstead County ADC is not a proper defendant, so Milner's complaint could be dismissed on this basis.

Second, Milner has failed to identify sufficient factual allegations to support any of his numerous legal theories. The most specific of his allegations is that upon arrival at the ADC an officer was allowed to "try" to access his cell phone. The Fourth

Amendment protects against unreasonable searches or seizures, and its protections have been extended beyond the criminal context and into the civil realm. *See e.g. City of Ontario, Cal. v. Quon*, 560 U.S. 749, 755-56 (2010) (the bounds of the Fourth Amendment extend beyond criminal investigations, it guarantees the privacy, dignity, and security of persons against certain arbitrary and invasive acts by officers of the government). However, Milner's allegation that his Fourth Amendment rights were violated by a mere attempt to view his cellphone by an unidentified unnamed defendant is not even close to sufficient to state a Fourth Amendment claim.[1] Thus, this Court recommends that his Fourth Amendment claim be dismissed as insufficiently pled.

As for Milner's other allegations, such as his allegation that officers behave with major "hubris" towards him, this generic statement is insufficient. To state a valid claim under § 1983 (even assuming a proper defendant is identified), a plaintiff must describe in detail the specific actions taken by an individual government actor that caused him harm. *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement with the alleged violation.") Milner's allegations are simply too generic to state a valid claim under § 1983. Milner's complaint does not provide adequate information to put the opponents on notice about the grounds upon which the claims rest. Allegations beyond "mental torture" or "hubris" would be required to make it clear who did what, or how

---

[1] To the extent that an officer attempted to view his cell phone in connection with a criminal investigation, Milner would not be able to raise a claim about the alleged fruit of a criminal investigation if the criminal proceedings are ongoing because federal courts generally do not intervene in ongoing state criminal matters.

said action was harmful, let alone how it violated Milner's constitutional rights. Thus, Milner's few allegations are insufficient to state a claim and this Court recommends that his complaint be dismissed under § 1915A(b).

In addition to Milner's factual allegations, he listed numerous constitutional amendments in his complaint. The mere identification of a legal theory without any accompanying factual allegations is insufficient to state a claim. Thus, this Court recommends that Milner's claims under the Fifth, Eighth, Ninth, Thirteenth, Fourteenth, and Fifteenth Amendments be dismissed as insufficiently pled.

On November 19, 2021, Milner submitted an Addendum to the Complaint. (Addendum [ECF No. 6].) The Court notes at the outset that one may not simply file an "addendum" in an attempt to salvage an otherwise defective complaint. But even if the Court takes into account the additional matter set forth in the addendum, it does nothing to salvage Milner's complaint. The three-page addendum is legible, but it is difficult to follow the logic of Milner's additional allegations. For example, Milner writes, "[w]ith empirically proven proof of my cell phone pictures and videos, of ADC staff acting as universal agents for law enforcement in allegation in 'tru tranny means.'" (Addendum at 2). Neither this allegation nor any of the other statements in his addendum remedy the defects in Milner's original complaint.

Accordingly, this Court will recommend that Milner's complaint be dismissed for failure to state a claim because he has failed to plead sufficient facts to support a valid claim based on the identified legal theories.

## IV.     Recommendation

Based on the foregoing analysis, and on all the filings herein, this Court **HEREBY RECOMMENDS THAT**:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A.

2. The application to proceed *in forma pauperis* of plaintiff Edward Milner [ECF No. 2] be DENIED.

Dated: November 23, 2021          */s/ Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).