UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Milner,<br><br>    Plaintiff,<br><br>v.<br><br>Olmstead County Adult Center,<br><br>    Defendant. | Case No. 21-cv-2454 (SRN/HB)<br><br>**ORDER** |

Edward Milner, Olmsted County Adult Detention Center, 101 4th St. S.E., Rochester, MN 55904, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Edward Milner's Objection [Doc. No. 8] to United States Magistrate Judge Hildy Bowbeer's November 23, 2021 Report and Recommendation [Doc. No. 7]. The magistrate judge recommended that Milner's Complaint [Doc. No. 1] be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b), and that his Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") [Doc. No. 2] be denied as moot. For the reasons set forth below, the Court overrules Milner's Objection, adopts the R&R in its entirety, dismisses the matter without prejudice, and denies the IFP Application as moot.

I. **BACKGROUND**

The factual and procedural background of this matter is documented in the R&R and is incorporated herein by reference. The Court will recite background facts only to the extent necessary to rule on Milner's objection.

Milner seeks monetary compensation from Olmsted County Adult Detention Center ("ADC") for alleged violations of his constitutional rights. (R&R at 2–3 [Doc. No. 7].) In particular, he alleges that upon his arrival at ADC, an officer was allowed to "try" to access his cellphone, and that officers treated him in a manner that constituted "mental torture" for the entirety of his detention. (*Id.* at 3.) In the R&R, the magistrate judge parsed through Milner's complaint, as well as his Addendum to the Complaint [Doc. No. 6] and concluded that the Complaint failed to state a claim for which relief may be granted. (*Id.*) Accordingly, the magistrate judge recommended dismissing this action without prejudice. *See* 18 U.S.C. § 1915A(b) ("On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."). Milner timely filed an objection to the R&R, which is now before the Court.

II. **DISCUSSION**

   A. **The Law**

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to

2

and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). And "[a] party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004); *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)).

Because Milner proceeds pro se, the Court liberally construes his pleadings. See *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But the Court is not required to assume facts not pled, even if doing so would strengthen the pleadings. *Stone*, 364 F.3d at 915. Rather, to liberally construe a pro se plaintiff's complaint means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits a layperson's claim to be considered in the proper legal framework." *Id.*

Under the Prison Litigation Reform Act, the Court may examine the legal sufficiency of a complaint against a governmental entity filed by a party proceeding *in forma pauperis*. 28 U.S.C. § 1915(e). Where the complaint fails to state a claim upon which relief may be granted, the court must dismiss the action. *See id.* § 1915(e)(2)(B)(ii); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint

states a claim upon which relief may be granted, the Court must accept the complaint's factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the complaint's factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

### B. Analysis

In the R&R, the magistrate judge carefully examined Milner's numerous federal constitutional claims against the ADC, and concluded that his claims did not contain sufficient factual detail, or a sound basis in law, to state a plausible claim for relief. (R&R at 3–6.) The magistrate judge also found that Milner failed to name a defendant that is properly subject to suit for the theories that Milner identifies. (*Id.* at 3.) In light of that conclusion, the magistrate judge recommended that the Court dismiss Milner's complaint.

In his Objection, Milner raises few specific objections to the R&R's analysis, and merely expresses disagreement with the magistrate judge's findings. For example, the magistrate judge found that Milner's allegation that officers violated his Fourth Amendment rights by attempting to view his cellphone is insufficient to state a claim. (*Id.* at 4.) In response, Milner broadly asserts that his claims can be proven with empirical evidence. (Pl.'s Obj. at 1.) Such objections "are not specific but merely repeat arguments presented to and considered by a magistrate judge," and the Court finds, even under de

4

novo review, no error in the magistrate judge's analysis on those points. *Montgomery*, 98 F. Supp. 3d at 1017.

Milner also identifies, for the first time, new defendants—two named deputies and two unnamed deputies. (Pl.'s Obj. at 2.) The Court assumes that he is identifying these deputies as the individuals who allegedly inspected his cell phone, in response to the magistrate judge's determination that his allegation does not allege sufficient facts to state a Fourth Amendment claim. (R&R at 4.) However, Milner "cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Hammann*, 455 F. Supp. 2d at 947–48. Further, even if the court were to consider this additional detail, it would still necessarily find that Milner's conclusory allegations are not sufficient to state a claim.

For all of the foregoing reasons, the Court finds that Milner's Complaint fails to state a claim upon which relief can be granted. Accordingly, the Court adopts the R&R, overrules his Objection, and dismisses his Complaint without prejudice. In light of these rulings, the Court denies as moot Milner's request to proceed *in forma pauperis*.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 8] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 7] is **ADOPTED**;

3. Plaintiff's Complaint [Doc. No 1] is **DISMISSED without prejudice**; and

5

6

4. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 31, 2022               s/Susan Richard Nelson
                                   SUSAN RICHARD NELSON
                                   United States District Judge